## Berkshire Sports, Ltd. d/b/a Athletic Attic v. Crown American Corporation

*Terry R. Fisher,* for plaintiff.
*Richard Thornburg,* for defendant.

ESHELMAN, T. J., *J.,* July 21, 1983 — Presently before the court for disposition is a motion to consolidate actions filed on behalf of defendant Crown American Corporation.

Analysis of the record discloses that plaintiff commenced the instant action in Berks County on November 16, 1981. Plaintiff's complaint sets forth a count in assumpsit, alleging breach of a lease agreement between the parties, as well as a count in trespass, which avers that the defendant induced plaintiff to sign the subject lease by making false representations.

On December 21, 1981, defendant filed preliminary objections to the complaint challenging venue in Berks County and seeking transfer of the matter to the Court of Common Pleas of Schuylkill County or, in the alternative, to the Court of Common Pleas of Cambria County. After argument and review of the record, the court, by an order dated February 2, 1982, continued the matter pending the taking of depositions by the parties to aid in the disposition of the venue issue. Interrogatories were subsequently filed of record and the matter listed for argument on September 7, 1982. By an opinion and order dated October 21, 1982, the court held that venue was proper in Berks County and dismissed defendant's preliminary objections.

On November 10, 1982, defendant filed an answer to plaintiff's complaint. An amended answer and new matter were subsequently filed on January 24, 1983.

On May 3, 1983, defendant filed the instant motion, wherein it was alleged that defendant commenced an action in assumpsit against the plaintiff in the Court of Common Pleas of Schuylkill County on January 24, 1983, docketed to no. S-130-83, and that the same was based upon the lease agreement at issue in the present case. Inasmuch as allegation was made that the parties to the Berks and Schuylkill County action were identical, and that both suits involved common questions of law and

fact, request was made for transfer of the case pursuant to Pa.R.C.P. 213 to Schuylkill County and for consolidation with the aforementioned action commenced there.

Defendant's motion is apparently premised upon subdivision (a) of Pa.R.C.P. 213,[1] which provides as follows:

(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay.

As is obvious from a reading of the above-quoted language, consolidation may be proper where the respective actions involve a common question of law or fact. The rule does set forth a limitation, however, in that the actions must be "pending before the court." Clearly, such language refers to consolidation of matters pending in *one* court, not lawsuits instituted in different courts. See Hassan v. Pierce, 86 Montgomery L.R. 276 (1966). Accordingly, no provision is made in subdivision (a) for the transfer of actions.[2] We do not believe the rule provides us with authority to transfer the instant proceeding or to

---

1. Though subdivisions (e)(2) and (e)(1) of Rule 213 respectively provide for the transfer and consolidation of actions commenced in different courts, the same apply only to wrongful death and survival actions and are thus inapplicable to the instant proceeding. Subdivision (f) of the rule, which expressly pertains to the transfer of an action commenced in a court without subject matter jurisdiction, is likewise inapplicable.

2. Compare subdivision (e)(2) of Rule 213.

consolidate such with the action filed by defendant in Schuylkill County.

Apart from Pa.R.C.P. 213, defendant also relies upon the case of Hargreaves v. Naddeo, 67 D. & C. 2d 207 (1974) as authority for transfer and consolidation of the within action. There, the plaintiff commenced an action in the Delaware County Court of Common Pleas seeking recovery from the defendant motorist for personal injury and property damage which occurred as a result of a motor vehicle accident in Bucks County. Defendant thereafter counterclaimed against plaintiff for loss of consortium as a consequence of injuries to his wife who was a passenger in his car at the time of the collision. Defendant's wife was also included as a counterclaimant to recover for personal injuries she allegedly received. Transfer of the Delaware County action was ordered however, insofar as the court observed that two other suits were pending in Montgomery County, both arising from the same accident and involving the same parties. The court thus concluded that the administration of justice would best be served by such transfer. Recommendation was also made for consolidation of the actions once in the Montgomery County Court of Common Pleas.

We are not inclined to follow the holding of Hargreaves. The record herein discloses that at the time of the filing of plaintiff's Berks County action, no lawsuits involving the subject lease agreement or the present parties were pending in Schuylkill County. In fact, plaintiff's action antedated the filing of defendant's suit in Schuylkill County by some fourteen months. Under these circumstances, transfer and consolidation would be improper. To grant defendant's motion and direct transfer would allow defendant to circumvent our order of October 21, 1982, which properly established venue in

Berks County.[3] We decline to do so and shall enter the following:

### ORDER

And now, this July 21, 1983, it is ordered that the motion for consolidation of actions filed on behalf of Defendant Crown American Corporation be and is hereby denied and dismissed.

---

3. It is our conclusion that defendant should have raised its allegations against plaintiff in the present Berks County proceeding by way of a counterclaim.